Filed: 12/5/2018 11:36 AM
Clerk
Henry County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HENRY COUNTY SUPERIOR COURT _____ |
| | ) SS: | |
| COUNTY OF HENRY | ) | CASE NO.: **33C02-1812-CC-000720** _____ |
| | | Henry Circuit Court 2 |

| | |
|---|---|
| TRENT DISHMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEPAN BADASYAN and | ) |
| NULL TRANS INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Comes now, the Plaintiff, Trent Dishman, by counsel, for his *Complaint for Damages* against the Defendants, Stepan Badasyan and Null Trans Inc., alleges and says the following:

### Parties, Jurisdiction, and Venue

1. Trent Dishman ("Dishman") is an individual who resides in Henry County, Indiana and maintains an address at 6676 S State Road 103, Straughn, Indiana 47387.

2. Upon information and belief, Stepan Badasyan ("Badasyan") is a resident of the state of Illinois. He resides at 5025 Suffield Ct., Unit A, Skokie, IL 60077.

3. Upon information and belief, Null Trans Inc. ("Null") is an Illinois corporation and maintains a principal address of 6953 W Oakdale Ave., Chicago, IL 60634. Their registered agent for service of process is Sylwester Bzdula at the same principal address.

4. Venue is proper in this district because the automobile accident that is the subject matter of this lawsuit occurred in Henry County, Indiana.

### Factual Allegations

5. Dishman resides in Straughn, Indiana and on his property is located at clay lined retention pond.

6. Badasyan, who resides in Skokie, IL, was an employee of Null.

7. Badasyan was driving a 2011 white Volvo semi-truck owned by Null in Henry County, Indiana on December 7, 2016

8. On December 7, 2016, Badasyan veered off the road into Dishman's property and ultimately into Dishman's retention pond.

9. Badasyan and Null caused damages to Dishman's property including but not limited to damage to his landscaping and damages to the clay liner of the retention pond.

10. Dishman has requested payment for the damages to his property but has been compensated by Null Trans Inc.

## COUNT I

## NEGLIGENCE

Comes now Dishman, by counsel, and for Count I of his Complaint, alleges and states as follows against Null:

11. Dishman incorporates by reference the allegations contained in rhetorical paragraphs 1 through 10 as though fully set forth herein.

12. The auto accident described herein was caused by the recklessness, carelessness and negligence of Badasyan and Null Trans Inc., because Badasyan operated the motor vehicle in a dangerous manner under the circumstances then and there existing.

13. The property damage described herein was caused by the recklessness, carelessness and negligence of Badasyan and Null Trans Inc., because Badasyan failed to reduce speed or be vigilant in his operation of the vehicle.

14. The property damage described herein were caused by the recklessness, carelessness and negligence of Badasyan and Null Trans Inc., because Badasyan failed to observe due care and precaution and to maintain adequate control of the motor vehicle.

15. The property damage described herein were caused by the recklessness, carelessness and negligence of Badasyan and Null Trans Inc, because Badasyan failed to keep a proper lookout upon the road.

16. The property damage described herein were caused by the recklessness, carelessness and negligence of Badasyan and Null Trans Inc, because Badasyan failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing.

17. The property damage described herein were caused by the recklessness, carelessness and negligence of Badasyan and Null Trans Inc, because Badasyan, in other respects not now known to the Plaintiff but which may become known prior to or at the time of trial, acted negligently and/or recklessly.

18. As a direct and proximate result of the negligence and carelessness of the Defendants, Dishman has suffered property damage to his real estate.

19. As a direct and proximate result of the negligence and carelessness of Badasyan while in the scope of his employment with Null Trans Inc, Dishman was caused to sustain losses to the value of his real estate due to the property damage.

20. All of the Plaintiff's losses were, are and will be due solely to and by reason of the carelessness and negligence of Badasyan while in the scope of his employment by Null Trans Inc, without any negligence or want of due care on Dishman's part contributing thereto.

21. Because Badasyan was acting within the scope of his employment and the semi-truck was owned by Null, Null is also jointly and severally liable for the damages to Dishman's property.

WHEREFORE, the Plaintiff, Trent Dishman, prays for judgment against the Defendants for damages for property loss, punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest, and for such other and further relief as this court deems just and appropriate.

Respectfully submitted,

MERCHO CAUGHEY

By: *Tarek E. Mercho*

Tarek E. Mercho (Atty. No. 26487-49)
*Attorney for the Plaintiff*

MERCHO CAUGHEY
828 E. 64th Street
Indianapolis, IN 46220
|P| 317-722-0607
|F| 317-797-9648
tk@merchocaughey.com